# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

SOULATH BAYTHAVONG,

                                        Petitioner,

        v.

JESUS ROCHA, Acting Field Office
Director, San Diego Field Office;
CHRISTOPHER LAROSE, Warden at
Otay Mesa Detention Center; KRISTI
NOEM, Secretary of the Department of
Homeland Security; TODD M. LYONS,
Acting Director, Immigration and
Customs Enforcement; and PAMELA JO
BONDI, Attorney General,

                                        Respondents.

Case No.:  26cv1138 DMS MSB

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return and Petitioner filed traverse.  After considering the parties' briefs, the relevant legal authority and the record, the Court grants the Petition.

Petitioner Soulath Baythavong is a citizen of Laos who entered the United States as a refugee in 1980.  (Pet. at 1.)  In 2019, as a result of a serious criminal conviction,

1

Petitioner was ordered removed to Laos. (*Id.* at 2.) He was later released from custody under an order of supervision because the government was unable to execute his removal to Laos. (Decl. of Alexis Boada in Supp. of Return ¶ 5.)

In the years since his removal order, Petitioner has not been convicted of any crimes. (Pet. at 2.) Nevertheless, on February 16, 2026, Respondents re-detained Petitioner to execute his removal order. (Boada Decl. ¶ 6.) On February 17, 2026, Respondents served Petitioner with a Notice of Revocation of Release, which states Petitioner's release was revoked because "[c]ircumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future." (Boada Decl., Ex. 1.) The parties dispute whether Petitioner received an informal interview after receiving the Notice of Revocation of Release. (*Compare* Decl. of Soulath Baythavong ¶ 6 *with* Boada Decl., Ex. 2.)

Since Petitioner's re-detention, Enforcement and Removal Operations ("ERO") has "worked expeditiously" to execute Petitioner's removal. (Boada Decl. ¶ 10.) Specifically, on February 20, 2026, "ERO submitted a travel document request pertaining to Petitioner to the Laos Unit of ERO's Removal and International Operations (RIO)." (*Id.* ¶ 11.)

On February 23, 2026, Petitioner filed the present case seeking release from custody, among other things. Petitioner raises two claims. First, he argues his re-detention violated the applicable regulations. Second, Petitioner asserts his continued re-detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and 8 U.S.C. ¶ 1231. Respondents dispute they violated the applicable regulations in re-detaining Petitioner. They also argue the presumptively reasonable period of detention has not expired, and even it has, Petitioner has not met his burden to show a *Zadvydas* violation.

On the *Zadvydas* claim, Respondents failed to cite any authority to support their position that the presumptively reasonable period of detention only applies when the individual is actually in detention, i.e., that the nearly seven-year period in which Petitioner was on supervision is not relevant to the *Zadyvdas* argument. On the contrary, courts have held the presumptively reasonable six-month period of detention does not stop and re-start if the individual is released and later re-detained. *See Nguyen v. Noem*, No. 5:25-CV-176,

2

2026 WL 237282, at *7 (S.D. Tex. Jan. 28, 2026) (stating "there is nothing in the relevant statutory language to suggest that the removal period restarts or resets automatically with another arrest or subsequent redetention, and neither *Zadvydas* nor other Fifth Circuit cases direct the Court to treat the six-month presumption of reasonableness in this manner."); *Nguyen v. Scott*, 796 F.Supp.3d 703, 721-22 (W.D. Wash. 2025) (quoting *Sied v. Nielsen*, No. 17-CV-6785-LB, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018)) (agreeing with other courts that have held six-month period of presumptively reasonable detention "'does not reset when the government detains a[ ] [noncitizen] …, releases him from detention, and then re-detains him again.'"). This Court has adopted that approach in previous cases, *see RK v. Casey*, Case No. 25cv1926, and does so again here. Under that approach, the presumptively reasonable period for Petitioner's detention expired 6 months after his removal order was issued, or on July 15, 2019.

With the expiration of the presumptively reasonable period of detention, Respondents bear the burden to come forward with evidence to show there is a significant likelihood Petitioner will be removed in the reasonably foreseeable future. The only evidence they have submitted to meet that burden is the Boada Declaration, which states: (1) ERO has submitted a request for a travel document for Petitioner's removal to Laos, and (2) that in Boada's experience, "there is a high likelihood of Petitioner's removal to Laos in the near future." (Boada Decl., ¶¶ 11-12.) This evidence is insufficient to meet Respondents' burden. *See Souvannaseng v. Noem*, No. 3:25-cv-3473-CAB-DEB, 2025 WL 3641180, at *2 (S.D. Cal. Dec. 16, 2025) (finding deportation officer's declaration insufficient to show significant likelihood of removal in reasonably foreseeable future); *Phouvieng K. v. Andrews*, No. 1:25-cv-01512-KES-SAB (HC), 2025 WL 3265504, at *6 (E.D. Cal. Nov. 24, 2025) (finding deportation officer's declaration stating ICE had completed a travel document request for petitioner's removal to Laos and that ICE has successfully removed noncitizens to Laos failed to show significant likelihood petitioner would be removed to Laos in the reasonably foreseeable future). Thus, Petitioner's present

26cv1138 DMS MSB

detention is unlawful and he must be released.[1]  *See Souvannaseng*, 2025 WL 3641180, at *2 (granting petition and ordering petitioner's release); *Phouvieng K.*, 2025 WL 3265504, at *6, 11 (finding petitioner likely to succeed on merits of claim and ordering petitioner's release).

In accordance with this Order, the parties are ordered to file a Joint Status Report on or before **April 13, 2026**, confirming Petitioner has been released.

**IT IS SO ORDERED**.

Dated:  April 6, 2026

Hon. Dana M. Sabraw
United States District Judge

---

[1] Because the Court grants the Petition on this ground, the Court declines to address Petitioner's claim that Respondents violated the applicable regulations.

26cv1138 DMS MSB